1  Francisco A. Suarez (CBN 135479)
   LAW OFFICES OF FRANCISCO A. SUAREZ
2  301 W. Mission Boulevard
   Pomona, California 91766
3  T – 909-469-5111
   F – 909-469-5113
4  E-mail: francisco.a.suarez@verizon.net

5  Jorge Gonzalez (CBN 100799)
   A PROFESSIONAL CORPORATION
6  2485 Huntington Drive, Suite 238
   San Marino, California 91108
7  T – 213-598-3278
   E-mail: jggorgeous@aol.com
8
9  Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
MAY 21 2013
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

LODGED
2013 MAR 21  PM 2: 05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CAL.
LOS ANGELES
BY:

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF HUTALIO SERRANO-GRANADOS, by and through its personal representative GABRIELA SERRANO; GABRIELA SERRANO (for herself); B.S., G.L.S., and G.S., minor children of Plaintiffs' Decedent, by and through their Guardian ad Litem GABRIELA SERRANO,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF COLTON, a public entity; DOES 1 through 10, individually and in their official capacity as police officers for the CITY OF COLTON,<br><br>Defendants. | Case No.: ED CV13-00519-JAK (OPx)<br><br>**COMPLAINT FOR DAMAGES**<br>1. Violation of Federal Civil Rights [42 U.S.C. 1983] Unlawful Seizure and Excessive Force<br>2. Violation of Federal Civil Rights [42 U.S.C. 1983] Violation of Substantive Due Process Rights<br>3. Violation of Federal Civil Rights by Public Entity [42 U.S.C. Section 1983;<br>4. Violation of Civil Rights [Cal. Civ. Code Sections 51.7, 52.1];<br>5. Violation of Right To Freedom From Unlawful Seizure [Cal. Constitution Art. 1, Section 13];<br>6. Deprivation of Right To Familial Relationship [Cal. Constitution, Art. 1, Section 7];<br>7. Wrongful Death [C.C.P. Section 377.60];<br>8. Negligence [Cal. Gov. Code Section 815.2(a)];<br>9. Battery.<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. Jurisdiction is conferred upon this Court by Title 28, United States Code §§ 1331 and 1343, and arises under Title 42, United States Code §§ 1983 and 1988. This court has supplemental jurisdiction of the state law claims.

## VENUE

2. The acts complained of arose within the Central District of California, therefore venue properly lies here pursuant to 28 U.S.C. § 1391. One or more of the defendants resides in or has its principal place of business in San Bernardino County.

## PARTIES

3. Plaintiff ESTATE OF HUTALIO SERRANO-GRANADOS (hereinafter plaintiffs' decedent SERRANO), sues herein by and through its personal representative GABRIELA SERRANO, who also sues for herself personally as the surviving Wife of the Decedent. B.S., G.L.S., and G.S. are the minor children of plaintiffs' decedent, and sue herein by and through their mother and Guardian ad Litem, GABRIELA SERRANO. Plaintiffs are all residents of San Bernardino County.

4. At all times material herein, defendant CITY OF COLTON was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of its employees and agents of the CITY OF COLTON, and its Police Department, and all of its deputies and members. This defendant is a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978). Defendant CITY OF COLTON is located within San Bernardino County.

5. At all times material herein, said defendant CITY OF COLTON was responsible for the employment, training, and supervision of the actions, conduct, policies, practices, and customs of the employees and agents of the CITY OF

COLTON, including its Police Department and all of its members. At all times material herein, defendant CITY OF COLTON was responsible for assuring that the actions, conduct, policies, procedures, and customs of the Colton Police Department complied with the Constitutions of the United States and of the State of California.

6. Plaintiffs are informed and believe, and based thereon hereby allege that defendant CITY OF COLTON is responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, under which the wrongful or illegal acts hereinafter complained of occurred. By reason of this policy, custom or practice, defendant CITY OF COLTON is liable for the damages hereinafter complained of.

7. Plaintiffs are informed and believe, and based thereon allege that at all times material herein, defendants DOES 1 through 10, inclusive, were each duly appointed and acting police officers employed as such by the defendant CITY OF COLTON, and at the time of the acts hereinafter complained of, each said defendant was acting within the course and scope of such employment and under the color of law. Plaintiffs sue each of these defendants both in their official and individual capacities.

8. The true names of defendants DOES 1 through 10, inclusive, are not now known to plaintiffs who therefore sue said defendants by such fictitious names, but upon ascertaining the true name of a DOE defendant, plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE defendant is in some manner responsible for the injuries and damages herein complained of.

9. At all times material herein, defendants were each acting as the employee, agent representative, and officer of every other defendant herein, and within the course and scope of such employment and agency.

10. Plaintiffs filed a timely Claim pursuant to California Government Code Section 910 et seq. with defendant CITY OF COLTON on July 17, 2012. The Claim has not been denied, and this action is filed in a timely manner.

**CHARGING ALLEGATIONS**

**FIRST CLAIM FOR RELIEF**

(Title 42, U.S.C. §§ 1983, 1988)

(Unlawful Seizure And Excessive Use Of Force)

[By Plaintiffs ESTATE OF HUTALIO SERRANO-GRANADOS against Defendants DOES 1 through 5, inclusive]

11. The acts and events herein complained of began on January 15, 2012, at or about 1:00 p.m., across the street from 1166 South Mojave Drive in the City of Colton, when the family called 911 and requested help from the Colton Police Department because plaintiffs' decedent HUTALIO SERRANO-GRANADOS, was acting strangely, possibly suffering from an unknown mental illness, and was running around on a busy street without regard for traffic, causing the family to fear he might be injured or killed by a passing vehicle.

12. Within minutes, one or more patrol units from the defendant CITY OF COLTON Police Department arrived at the location where plaintiffs' decedent HUTALIO SERRANO-GRANADOS was located. While various family members, including plaintiff GABRIELA SERRANO observed from in front of the house, defendants DOES 1 through 2, inclusive, approached SERRANO who initially began to walk away. The defendant officers verbally and physically motioned for SERRANO to come to them, which he did immediately. Defendants DOES 1 and 2 then ordered SERRANO to get on his knees, which he also began to comply with. As SERRANO was getting on his knees defendant DOE 1 violently grabbed SERRANO by his upper arm, twisting it viciously. Suddenly, and without

provocation or justification, both defendant DOES 1 and 2 began to hit and strike SERRANO with batons or other implements, striking him repeatedly about the shoulder and the back. During the entire time he was being beaten SERRANO did not resist but instead began to visibly plead with the officers to stop beating him, loudly asking them to stop. Defendant DOES 1 and 2 used profanity telling him to shut up. Meanwhile, defendants DOES 3 through 5, inclusive, arrived and also began to strike SERRANO with batons. Defendants DOES 1 through 5, inclusive, continued to strike and kick SERRANO as he fell to the ground.

13. Suddenly, and despite the fact that plaintiffs' decedent SERRANO had been handcuffed, defendants DOES 1 through 5, inclusive, unnecessarily and without justification began to deploy their Electrical Control Devices (Tasers) at SERRANO, striking him 2 or 3 times. SERRANO immediately fell helpless to the ground and visibly ceased to move at all. The defendant officers stopped beating SERRANO, removed the handcuffs from him, and began to administer CPR. An ambulance arrived soon thereafter and removed SERRANO from the location, delivering him to the hospital, to no avail. Plaintiffs' decedent SERRANO expired from the injuries inflicted on him by defendants DOES 1 through 5, inclusive.

14. At no time material herein had plaintiffs' decedent SERRANO committed any criminal offense, he was not in possession of any weapon, and was attempting to comply with all the commands issued by defendant police officers DOES 1 through 5, inclusive. The attempt by defendants DOES 1 through 5, inclusive, to arrest plaintiffs' decedent SERRANO was wholly without probable cause and constituted an unlawful seizure in violation of the Fourth Amendment to the U.S. Constitution.

15. At the time defendants DOES 1 through 5, inclusive, grabbed plaintiffs' decedent SERRANO he did not pose any threat to the officers, was not resisting or attempting to flee in any manner, and when they began to strike SERRANO with their batons and feet, they had no justifiable reason for doing so. Likewise, when

defendants DOES 1 through 5, inclusive, deployed their Tasers at him, SERRANO was handcuffed and sitting or lying on the ground at the time he was shot. At all times material herein defendants DOES 1 through 5, inclusive, were integral participants in the incident and failed to intervene with respect to other officers' use of unlawful force against plaintiffs' decedent SERRANO despite having the opportunity to do so.

16. The use of the afore-described force against plaintiffs' decedent SERRANO under such circumstances, including the manner and intensity of the beating and kicking, and the use of less than lethal force when he posed no physical threat to the deputies, resulted from a combination of tactical malfeasance, particularly given their awareness of Decedent's mental disturbance and that he had not committed any serious criminal offense, nor was he resisting or assaulting the officers and not attempting to flee in any manner. Rather than assist a plainly ill and vulnerable SERRANO, as had been requested in the initial call for service, defendants DOES 1 through 5, inclusive, acted provocatively and violently, preying upon the helpless and unaware SERRANO. The use of said force, and particularly, the use of the batons and the less lethal force, under the circumstances presented to said defendant officers DOES 1 through 5, inclusive, was excessive and unreasonable, and deprived plaintiffs' decedent SERRANO of the rights, privileges, and immunities guaranteed him by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of Title 42, U.S.C. § 1983.

17. By reason of the afore-described acts and omissions of defendants DOES 1 through 5, inclusive, and each of them, plaintiffs' decedent HUTALIO SERRANO-GRANADOS was killed, suffering great physical and emotional pain prior to his demise, as well as the loss of the enjoyment of life and the association of his loved ones, and as a result thereof plaintiffs' decedent HUTALIO SERRANO-GRANADOS suffered great physical and mental injury, trauma, pain,

shock to his nervous system, injury to his health, strength and activity, loss of love, care, society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to his damages in an amount not yet ascertained but to be proved.

18. The afore-described acts and omissions of defendants DOES 1 through 5, inclusive, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring plaintiffs' decedent SERRANO and to maliciously deprive plaintiffs of rights guaranteed them by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, plaintiffs claim exemplary and punitive damages from said defendants in an amount to be proved.

19. By reason of the afore-described acts and omissions of defendants, plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiffs that they might vindicate the loss and impairment of their aforementioned rights; and by reason thereof plaintiffs request payment by defendants of a reasonable sum for attorney's fees pursuant to Title 42, U.S.C. § 1988.

## SECOND CLAIM OF RELIEF
(Violation of Civil Rights)
(Deprivation of Substantive Due Process Rights)
[By Plaintiffs GABIELA SERRANO, B.S., G.L.S., and
G.S. against Defendants DOES 1 through 5, inclusive]

20. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 19 of this complaint and make each a part hereof as if set forth in full.

21. The use of said force under the circumstances presented and based on the facts known to defendants DOES 1 through 5, inclusive, at the time force was exerted against plaintiffs' decedent SERRANO, was in reckless disregard of the
COMPLAINT FOR DAMAGES
7

rights of plaintiffs herein, GRACIELA SERRANO, B.S., G.L.S., and G.S., and with the intent to harm plaintiffs' decedent SERRANO, lacking in any possible rational governmental justification or interest. As such, the use of said force deprived plaintiffs GABRIELA SERRANO, the wife, and B.S., G.L.S., and G.S, the minor children, of the rights, privileges, and immunities not to have their familial association infringed upon, interfered with, or deprived by the loss of life of their husband and father, as guaranteed them by the substantive due rights provision of the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.

23. By reason of the afore-mentioned acts of said defendants DOES 1 through 5, inclusive, plaintiffs GABRIELA SERRANO, B.S., G.L.S., and G.S., suffered great physical and mental injury, trauma, pain, shock to their nervous system, injury to their health, strength and activity, the loss of the love, care, society, companionship, and support and affection of their loved one, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to their damages in an amount not yet ascertained but to be proved.

24. By reason of the afore-described acts and omissions of defendants DOES 1 through 5, inclusive, plaintiffs GABRIELA SERRANO, B.S., G.L.S., and G.S., were and will be required in the future to receive medical and psychiatric care, treatment, and examination and by reason thereof, said plaintiffs incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical and incidental expenses in an amount not yet ascertained but to be proved

### **THIRD CLAIM OF RELIEF**
(Violation of Civil Rights by a Public Entity)
[Title 42, U.S.C. § 1983]
[By Plaintiffs ESTATE OF HUTALIO SERRANO-
GRANADOS, GABRIELA SERRANO, B.S., G.L.S.,

and G.S., against Defendants CITY OF COLTON, and DOES 6 through 10, inclusive]

25. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 17 and 19 through 24 of this complaint and make each a part hereof as if set forth in full.

26. On or about January 15, 2012, and for some time prior thereto and since then until the present, Defendants CITY OF COLTON and DOES 6 through 10, inclusive, maintained and enforced a policy, custom and practice of negligently employing, training, assigning, and supervising sworn officers of the COLTON POLICE DEPARTMENT who are predisposed to violence and dishonesty, and of permitting and ratifying violations, under color of law, of the Fourth, and Fourteenth Amendments to the U.S. Constitution by its sworn officers.

27. Furthermore, on or about January 15, 2012, and for some time prior thereto, defendants CITY OF COLTON and DOES 6 through 10, inclusive, failed to properly train, assign, supervise, and guide their officers, in regard to the use of force, use of non-lethal weapons, apprehension tactics, and appropriate methods for dealing with mentally disabled individuals, and for some time prior thereto and since, have condoned, tolerated and accepted, and continue to condone, tolerate, and accept the excessive use of force, the writing of false police reports, the planting of evidence or withholding evidence to allow police misconduct to escape detection, the deficient supervision of line or patrol officers, and in particular, the use of unnecessary and unreasonable potentially lethal force by its sworn officers.

28. Furthermore, on or about January 15, 2012, and for some time prior thereto, defendants CITY OF COLTON and DOES 6 through 10, inclusive, failed to fully and objectively investigate claims, reports or allegations of misconduct by the officers under their command. As a result of said acts, omissions, policies, customs and practices, officers who so engaged in a pattern of misconduct,

violations of law, and wholesale violations of the civil rights of the citizenry were allowed to continue in their malfeasance unabated by any efforts of their superiors.

29. Said acts and omissions, policies, customs and practices by defendants CITY OF COLTON and DOES 6 through 10, inclusive, were the moving force behind the violation of constitutional rights and damages complained of herein by plaintiffs.

### FOURTH CLAIM OF RELIEF

(Violation of Civil Rights)

[Cal. Civil Code sections 51.7, 52.1(b), Art. 1, Section 13 of the California Constitution by Plaintiffs ESTATE OF HUTALIO SERRANO-GRANADOS, and GRACIELA SERRANO against Defendants CITY OF COLTON, and DOES 1 through 5, inclusive]

30. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 29 of this complaint and makes each a part hereof as if set forth in full.

31. Each individual defendant DOES 1 through 5, inclusive, interfered by violence, threats of violence, intimidation, or coercion, with the exercise or enjoyment of the constitutional or statutory rights of plaintiffs' decedent HUTALIO SERRANO-GRANADOS, and plaintiff GRACIELA SERRANO, who was present during the incident and observed the killing of her husband, which rights included, but are not limited to:

-- the right to be treated with dignity, fairness, and compassion despite suffering from any mental illness or disturbance;

-- the right to be free from unlawful seizures and excessive and unreasonable force in violation of his rights protected under the Article 1, Section 13 of the California Constitution as well as the Fourth Amendment;

    -- the right to be free from a conspiracy to create probable cause for the crime to justify the use of excessive and unreasonable force;

    -- the right to be free from interference with their familial association and the society, comfort, care and affection of their loved one.

32. Plaintiffs ESTATE OF HUTALIO SERRANO-GRANADOS and GABRIELA SERRANO allege that the afore-described wrongful conduct of defendants DOES 1 through 5, inclusive, in violation of California Civil Code §§ 51.7, 52.1 (b) and Article 13 of the California Constitution, caused deprivations of rights, injury and damage, including pain and suffering, up to and until the time of death, and for loss of enjoyment of life, and the care, society, and comfort of loved family members. Plaintiffs allege that this wrongful conduct of said defendants DOES 1 through 5, inclusive, legally caused plaintiffs general and special damages as allowable pursuant to constitutional law in an amount according to proof.

33. By virtue of the provisions of California Civil Code §§ 51.7, 52.1 (h), plaintiffs are entitled to an award of reasonable attorneys' fees and costs according to proof.

34. These individual defendants DOES 1 through 5, inclusive, acted recklessly and/or maliciously toward the constitutional rights of plaintiffs' decedent HUTALIO SERRANO-GRANADOS and plaintiff GRACIELA SERRANO, and punitive damages should be assessed against these individually named defendants.

### FIFTH CLAIM OF RELIEF
(Violation of Constitutional Rights
- Freedom from Illegal Seizure and Excessive Force,
Cal. Constitution, Art. 1, Section 13)

[By Plaintiff ESTATE OF HUTALIO SERRANO-GRANADOS, against Defendants CITY OF COLTON, and DOES 1 through 5, inclusive]

35. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 34 of this complaint and makes each a part hereof as if set forth in full.

36. Each individual defendant DOES 1 through 5, inclusive, violated the constitutional rights of plaintiffs' decedent HUTALIO SERRANO-GRANADOS which rights included, but are not limited to:

-- the right to be treated with dignity, fairness, and compassion despite suffering from any mental illness or disturbance;

-- the right to be free from unlawful seizures and excessive and unreasonable force in violation of his rights protected under the Article 1, Section 13 of the California Constitution;

-- the right to be free from a conspiracy to create probable cause for the crime of assault to justify the use of unreasonable force;

-- the right to be free from interference with his familial association and the society, comfort, care and affection of their loved ones.

37. Plaintiff ESTATE OF HUTALIO SERRANO-GRANADOS alleges that defendants' DOES 1 through 5, inclusive, wrongful conduct in violation of California Civil Code §§ 51.7, 52.1 (b) and Article 1, Section 13 of the California Constitution caused deprivations of rights, and caused injury and damage, including pain and suffering, until the time he died, and for loss of enjoyment of life and the care, comfort, love and society of his loved ones. Plaintiff alleges that this wrongful conduct of these defendants DOES 1 through 5, inclusive, legally caused plaintiff general and special damages as allowable pursuant to constitutional law in an amount according to proof.

38. By virtue of the violation of Article 1, Section 13 of the California Constitution, plaintiff is entitled to an award of reasonable attorneys' fees and costs according to proof.

39. These individual defendants DOES 1 through 5, inclusive, acted recklessly and/or maliciously toward the constitutional rights of HUTALIO SERRANO-GRANADOS and punitive damages should be assessed against these individually named defendants.

### SIXTH CLAIM OF RELIEF

(Violation of Constitutional Right to Familial Relationship-)
Cal. Constitution Article 1, Section 7)
[By Plaintiffs ESTATE OF HUTALIO SERRANO-
GRANADOS, GABRIELA SERRANO, B.S., G.L.S.,
and G.S., against Defendants CITY OF COLTON, and
DOES 1 through 5, inclusive]

40. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 39 of this complaint and make each a part hereof as if set forth in full.

41. Each individual defendant DOES 1 through 5, inclusive, violated the constitutional rights of plaintiffs' decedent HUTALIO SERRANO-GRANADOS, and plaintiffs GABRIELA SERRANO, his wife, and B.S., G.L.S., and G.S., his minor children, to a familial relationship which rights are protected by California Constitution, Article 1, Section 7.

42. Plaintiffs allege that this wrongful conduct of these defendants and DOES 1 through 5, inclusive, legally caused plaintiffs general and special damages as allowable pursuant to constitutional law in an amount according to proof.

43. By virtue of the violation of Article 1, Section 7 of the California Constitution, plaintiffs are entitled to an award of reasonable attorneys' fees and costs according to proof.

44. These individual defendants DOES 1 through 5, inclusive, acted recklessly and/or maliciously toward the constitutional rights of plaintiffs' decedent HUTALIO SERRANO-GRANADOS, and plaintiffs GABRIELA SERRANO, his wife, and B.S., G.L.S., and G.S., his minor children, and punitive damages should be assessed against these individually named defendants.

## SEVENTH CLAIM OF RELIEF
(Wrongful Death, Code of Civil Procedure Section 377.60)
[By Plaintiffs GABRIELA SERRANO, B.S., G.L.S.,
and G.S., against Defendants CITY OF COLTON,
and DOES 1 to 5, inclusive]

45. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 44 of this complaint and make each a part hereof as if set forth in full.

46. Each individual defendant DOES 1 through 5, inclusive, caused the wrongful death of plaintiffs' decedent HUTALIO SERRANO-GRANADOS, the husband of plaintiff GABRIELA SERRANO, and father of minors B.S., G.L.S., and G.S.

47. Plaintiffs allege that the afore-described wrongful conduct of defendants DOES 1 through 5, inclusive, legally caused plaintiffs general and special damages as allowable pursuant to C.C.P. § 377.60 in an amount according to proof.

## EIGHTH CLAIM OF RELIEF
(Negligence, Cal. Gov. Code section 815.2)

COMPLAINT FOR DAMAGES
14

[By Plaintiffs ESTATE OF HUTALIO SERRANO-GRANADOS, GABRIELA SERRANO, B.S., G.L.S., and G.S., against Defendants CITY OF COLTON, and DOES 1 through 10, inclusive]

48. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 47 of this complaint and make each a part hereof as if set forth in full.

49. On or about January 15, 2012, and at all times mentioned herein, plaintiffs' decedent, HUTALIO SERRANO-GRANADOS, was subjected to an unlawful arrest and the use of excessive force by defendants DOES 1 through 5, inclusive. Said defendants' actions or failure to act, and each of them, fell below the standard of duty of persons in their profession, and were therefore negligent in the performance of their police tactics and duties and this negligence caused plaintiffs' injuries. Defendants DOES 1 through 5, inclusive, failed to comply with their above stated police tactics and duties and their conduct was at all times mentioned herein below the standard of care for reasonable police officers, and this negligence caused the injuries and damages alleged herein.

50. Defendants CITY OF COLTON and DOES 6 through 10, acting within the course and scope of their employment as supervisory police officers with defendant CITY OF COLTON, breached their duty to assure the competence of and properly train, assign, and supervise defendants DOES 1 through 5, inclusive, and failed to exercise ordinary care under the circumstances herein alleged to investigate this incident and evaluate and to assure the competence of defendants DOES 1 through 5, inclusive, and thereby ratified and condoned the wrongful conduct of each defendant DOES 1 through 5, inclusive, and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named officers. This breach of duty of careful selection, training,

review and periodic evaluation of the competency of such police officers created an unreasonable risk of harm to persons such as plaintiffs.

51. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants CITY OF COLTON and DOES 6 through 10, inclusive, and each of them, plaintiffs were injured, and have suffered the damages as alleged above.

### NINTH CLAIM OF RELIEF

(Battery)

[By Plaintiff ESTATE OF HUTALIO SERRANO-GRANADOS against Defendants CITY OF COLTON, and DOES 1 through 5, inclusive]

52. Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 51 of this complaint and makes each a part hereof as if set forth in full.

53. At all times mentioned herein, plaintiffs' decedent HUTALIO SERRANO-GRANADOS was subjected to an unconsented battery by defendants DOES 1 through 5, inclusive, acting within the scope and course of their employment with CITY OF COLTON, thereby causing him injury and death.

WHEREFORE, Plaintiffs pray for judgment as follows:
1. General damages in an amount to be proved;
2. Medical, doctor, psychiatric, pharmaceutical, funeral and incidental expenses to be proved;
3. Punitive damages from defendants DOES 1 through 5, inclusive;
4. Costs of litigation;

5. Reasonable attorney's fees pursuant to 42, U.S.C. § 1988 and/or California Civil Code § 52.1 (h) and/or Article 1, Sections 7 and 13 of the California Constitution;

6. Such other and further relief as the court deems appropriate and just.

Dated: March ___, 2013          LAW OFFICES OF JORGE GONZALEZ

By:

Jorge Gonzalez

One of the Attorneys for Plaintiffs
ESTATE OF HUTALIO SERRANO-GRANADOS, GABRIELA SERRANO, and Minors B.S., G.L.S., and G.S.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: March ___, 2013          LAW OFFICES OF JORGE GONZALEZ

By:

Jorge Gonzalez

One of the Attorneys for Plaintiffs
ESTATE OF HUTALIO SERRANO-GRANADOS, GABRIELA SERRANO, and Minors B.S., G.L.S., and G.S.